

**MEMO ENDORSED**

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HILLARY A. FROMMER**
*Senior Counsel*
Phone: (212) 788-0823
Fax: (212) 788-9776
hfrommer@law.nyc.gov

June 4, 2008

**VIA HAND DELIVERY**
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10004

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08
```

> Re:   Cartagena v. City of New York,
>        08 Civ. 4601 (RJS)

Dear Judge Sullivan:

I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense for defendant City of New York. I write with respect to the above-referenced matter in which plaintiff alleges that they he was falsely arrested, maliciously prosecuted, and subjected to excessive force by officer Reginald Williams of the New York City Police Department. Defendant City respectfully requests that its time to respond to the complaint be extended for sixty (60) days from the current due date of June 6, 2008 until August 8, 2008. I have spoken with plaintiffs' counsel and plaintiffs consent to this request.

There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, defendant City needs this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiffs through their counsel for execution consents and authorizations for the release of sealed records so that the defendant can access the information, properly assess the case, and respond to the complaint.

Additionally, because plaintiff Cartagena has alleged physical injury as a result of the events complained of, this office is in the process of forwarding to that plaintiff for execution a consent and authorization for the release of medical records, at this point limited to the

incident, again so that the defendant can access the information, properly assess the case, and respond to the complaint.

Finally, upon information and belief, the individual defendant has not been served with the summons and complaint. This extension should provide time for plaintiffs to serve that individual defendant and, if timely served, for this office to properly investigate plaintiffs' allegations and make a representational decision with respect to the individual defendant. *See Mercurio v. The City of New York et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to August 8, 2008.

Thank you for your consideration in this matter.

Respectfully submitted,

Hillary A. Frommer (HF-9286)
Senior Counsel

cc:    Carmen Giordano, Esq. (via facsimile)

The City's time to answer or otherwise respond to the complaint is extended to August 8, 2008. No further exten. sions will be granted absent truly compelling circumstances.

SO ORDERED
Dated: 6/6/08
RICHARD J. SULLIVAN
U.S.D.J.

2