UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

GLORIA CARTAGENA & VICTOR RIVERA,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER REGINALD WILLIAMS and JOHN DOE POLICE OFFICERS 1-3,

Defendants.

---------------------------------------------------------------------- x

**ANSWER**

JURY TRIAL DEMANDED

08 Civ. 4601 (RJS)

Defendants City of New York and Officer Reginald Williams, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows.

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint.

3. Deny the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint.

5. The complaint does not contain a paragraph "5."

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiffs purport to bring this action and invoke the jurisdiction of this Court as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to bring this action in this venue as stated therein.

8. Deny the allegations set forth in paragraph '8" of the complaint, except admit that a document purporting to be a notice of claim was received by the City of New York Office of the Comptroller on November 9, 2007.

9. Defendants state that the allegations set forth in paragraph "9" of the complaint constitute legal conclusions to which no response is required.

10. Deny knowledge or information sufficient to form as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Reginald Williams is employed as a police officer with the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York is a municipal corporation.

13. In response to the allegations set forth in paragraph "13" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

**FOR A FIRST AFFIRMATIVE DEFENSE**

37. The complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND AFFIRMATIVE DEFENSE**

38. Any injuries in the complaint were caused, in whole or in part, by plaintiffs' culpable or negligent conduct.

**FOR A THIRD AFFIRMATIVE DEFENSE**

39. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**FOR A FOURTH AFFIRMATIVE DEFENSE**

40. Plaintiffs provoked any incident.

**FOR A FIFTH AFFIRMATIVE DEFENSE**

41. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

**FOR A SIXTH AFFIRMATIVE DEFENSE**

42. There was probable cause for plaintiffs' arrests and prosecutions.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

43. Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

44. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**FOR A NINTH AFFIRMATIVE DEFENSE**

45. At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

**FOR A TENTH AFFIRMATIVE DEFENSE**

46. Punitive damages are not recoverable from the City.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

47. Plaintiffs failed to comply with all conditions precedent to suit including the relevant sections of the General Municipal Law.

WHEREFORE, defendants City of New York and Officer Williams respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 23, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City and Williams
100 Church Street
Room 3-212
New York, New York 10007
(212) 788-0823

By: ______________________
Hillary A. Frommer (HF 9286)
Senior Counsel

Index No. 08 Civ. 4601 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA CARTAGENA & VICTOR RIVERA,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER REGINALD WILLIAMS and JOHN DOE POLICE OFFICERS 1-3,

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Williams*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 2008-019938*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ......................................................., *200*......

............................................................................................ *Esq.*

*Attorney for*..........................................................................